IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**BRIDGET DAVIS**,

    Plaintiff,

v.

**WAL-MART STORES, INC.,**

    Defendant.

No. 3:09-cv-01488-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff accepted an offer of judgment in the above-captioned case entitling her to damages, plus "all court costs and reasonable attorney fees." Plaintiff's counsel now seeks $112,019.50 in attorney fees [79] and $8,653.89 in costs [82] pursuant to 42 U.S.C. § 1988, Or. Rev. Stat. § 659A.885(1), and Or. Rev. Stat. § 20.107. Plaintiff also seeks $9,583.50 in attorney fees [94] incurred in the preparation of the fee motion and related briefing. For the following reasons, I award plaintiff $110,999.97 in attorney fees and costs.

### DISCUSSION

**I.**     **Attorney Fees**

    In order to establish the amount of attorney fees that plaintiff's counsel should recover, I "must first determine the presumptive lodestar figure by multiplying the number of hours

1 – OPINION AND ORDER

reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In appropriate cases, I may then "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975)…that have not been subsumed in the lodestar calculation." *Id.*

Plaintiff's request for $112,019.50 in attorney fees is broken down as follows: 220.65 hours of work by Craig Crispin, plaintiff's lead counsel, at an hourly rate of $425; 7.25 hours of work by Shelley Russell at an hourly rate of $335; 22.29 hours of work by Patty Rissberger at an hourly rate of $335; 3.97 hours of work by attorney Joiner at an hourly rate of $180; 50 hours of work by paralegal Burnett at an hourly rate of $125; and 4.19 hours of work by legal assistant Beltran at an hourly rate of $95. In arguing that plaintiff's request is unreasonable, defendant objects to both the requested hourly rates and the alleged number of hours spent on the litigation.

### A.  Reasonable Hourly Rate

The burden is on the party seeking fees to show "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In determining whether Mr. Crispin's requested hourly rate of $425 is reasonable, I begin with the 2007 Oregon State Bar Economic Survey ("2007 OSB Survey") as an "initial benchmark." *Toth v. INA Life Ins. Co. of New York*, 08–653–JE, 2010 WL 170260, at * 6 (D. Or.

Jan. 13, 2010) (quoting *Roberts v. Interstate Distributor Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002)). Plaintiff's counsel submitted bills from December 2, 2008, through December 13, 2011, and thus, at all relevant times, Mr. Crispin had approximately 27–29 years of experience while working on this case. According to the 2007 OSB Survey, for lawyers practicing in Portland with 21–30 years of experience, the average hourly rate, without regard to practice area, was $277 and the median hourly rate was $275. Lawyers with 21–30 years of experience in the 75th percentile billed $325 per hour on average, while lawyers in the 95th percentile averaged $399 per hour. The starting point for any fee award should be the average rate. That rate may be adjusted upward for a variety of factors, including case complexity, practice area complexity, or a demonstrably high level of expertise. Mr. Crispin argues that his "long specialization in the limited practice of employment law… academic achievement… and standing in the community… supports a fee at the 95th percentile." (Pl.'s Mem. in Supp. of Mot. for Atty. Fees [80] 5).

In support, plaintiff's counsel submitted three affidavits from employment discrimination attorneys practicing in Portland, Oregon, who all opined that Mr. Cirspin's requested hourly rate is reasonable. (Crispin Decl. [81] Exs. 2–4). The declarants have also indicated that Mr. Cripin's requested rate is reasonable in comparison to their own rates. For example, Beth Creighton states that she charges $300 per hour, but has approximately half as many years of experience and does not take into account a contingency factor. (*Id.* at Ex. 4, ¶¶ 1, 13, 15). Dana Sullivan has 10 fewer years of experience than Mr. Crispin and charges $375 per hour. (*Id.* at Ex. 2, ¶ 16). Thomas Boothe, who has been practicing a few years longer than Mr. Crispin but has significantly fewer years of experience specific to employment law, set fees at $400 per hour in his most recent case but declares that his hourly rate ranges up to $450. (*Id.* at Ex. 3, ¶¶ 1, 6, 22).

3 – OPINION AND ORDER

I find these declarations largely unpersuasive as to whether Mr. Crispin is entitled to a reasonable hourly rate commensurate with the 95th percentile, considering that all three declarants themselves charge rates hovering at or near the 95th percentile based on their respective years of experience.

With regard to Mr. Crispin's rate determinations in other cases, defendant cites *Hamrick v. Aqua Glass, Inc*., in which Magistrate Judge Clarke reduced Mr. Crispin's requested hourly rate of $425 to $325 per hour. 07-3089-CL, 2010 WL 935478, at *7 (D. Or. Mar. 12, 2010). Conversely, plaintiff cites *Nesta v. Revolution Cable Holdings, Inc., et al*., in which Judge Brown found that plaintiff's requested rate of $425 per hour was reasonable. *See* Order, Case No. 11-CV-00018-AC (D. Or. filed July 29, 2011). Neither of these cases is particularly instructive here. In *Hamrick*, Judge Clarke found that Mr. Crispin attempted to bill $425 per hour, which she noted was his 2010 rate, for all work dating back to 2006, and therefore found that inflation did not warrant plaintiff's "higher-than-average rates" according to the 2007 OSB Survey. *Hamrick*, 2010 WL 935478 at *5. In this case, by contrast, Mr. Crispin's 2010 rate is certainly relevant to all work completed in 2010 and 2011, and moreover, while I believe it inappropriate to request the 2010 rate for work done in 2008 and 2009, the 2007 OSB survey statistics must still nonetheless be adjusted upwards to account for inflation. Further, in *Nesta*, plaintiff's counsel recovered his fees in a default proceeding via a minute order, and thus, I am unable to determine what factors, if any, Judge Acosta considered in reaching his determination as to reasonableness, such as the complexity of the case or whether counsel was precluded from other employment.

In this case then, the 2007 OSB Survey is most useful in determining the reasonableness of Mr. Crispin's requested rate. As I previously mentioned, because the 2007 OSB Survey is based on billing rates charged in 2006, I have adjusted the statistics in order to account for

4 – OPINION AND ORDER

inflation based on the United States Department of Labor's CPI Inflation Calculator. *See e.g., Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, CV-10-188-ST, 2011 WL 2133824, at *5–6 (D. Or. Apr. 19, 2011). Based on the calculations employed in *Knowledge Learning Corp.*, I estimate that Portland attorneys with 21–30 years of experience in the 95th percentile billed $422.94 per hour in 2009, $430.92 per hour in 2010, and $446.88 per hour in 2011. I also approximate that Portland attorneys with 21–30 years of experience in the 75th percentile billed $344.50 per hour in 2009, $351.00 per hour in 2010, and $364.00 per hour in 2011. While Mr. Crispin's almost 30 years of experience exclusively in employment law certainly entitles him to an increase from the average, I find that he has not met his burden of proof justifying compensation at the 95th percentile. Therefore, in determining Mr. Crispin's reasonable rate in this case, I have averaged the aforementioned inflation adjusted estimates from the 75th percentile for years 2009-2011, and set his reasonable hourly rate at $353.17.[1]

Shelley Russell on the other hand, has half as many years of experience as Mr. Crispin dealing exclusively with employment law, and I thus find that she is entitled to the average rate ($267) charged by Portland attorneys with 16–20 years of experience according to the 2007 OSB Survey. I have again adjusted the survey rate for inflation by multiplying the 2007 rate by the inflation multiplier for years 2010 and 2011 and then averaging the two numbers; in doing so, I conclude that Ms. Russell's reasonable hourly rate for all work done in this case is $293.70.[2] Moreover, I find that Patty Rissberger, who similarly has substantially fewer years of experience exclusive to employment law relative to Mr. Crispin, is entitled to the average rate ($277) charged by Portland attorneys with 21–30 years of experience according to the 2007 OSB

---

[1] Upon review of the proffered time sheets in this case, I note that there does not appear to be one year in which Mr. Crispin worked substantially more hours on this case than the others.
[2] Ms. Russell billed almost all of her hours in this case fairly evenly between 2010 and 2011. Because she only billed approximately 0.20 hours in 2009, I did not factor this year's inflation adjusted estimate into the average calculation in determining her reasonable hourly rate.

5 – OPINION AND ORDER

Survey. Because Ms. Rissberger billed all of her work in this case in 2010, I have simply multiplied the survey rate by the 2010 inflation multiplier, which sets her rate at $310.24 per hour. Lastly, I find that plaintiff's requested rates for the temporary attorney, paralegal, and legal assistant in this case are all reasonable.

Therefore, plaintiff's counsel are entitled to following reasonable hourly rates for their work in this case: (1) C. Crispin - $353.17, (2) S. Russell - $293.70, (3) P. Rissberger - $310.24, (4) S. Joiner - $180.00, (5) J. Burnett - $125.00, and (6) V. Beltran - $95.00.

### B.    Number of Hours Reasonably Expended on the Litigation

Plaintiff's counsel alleges reasonably expending 308.35 hours on this litigation. Defendant argues that I should make several deductions from plaintiff's requested total based on excessive and unnecessary clerical tasks, duplicative time entries, inefficient work, failure to use a pyramidal billing scheme, and unnecessary and excessive time spent related to plaintiff's expert witness.

Defendant asserts that Mr. Crispin billed several hours for "purely clerical" tasks, which are not reimbursable. *See Missouri v. Jenkins*, 491 U.S. 274, 388 n.10 (1989). Defendant has attempted to show that specific entries from plaintiff's time sheet are "clerical" by taking one or two words out of context and then characterizing the entire time entry as either "calendaring," "deposition scheduling," "printing/downloading," "organizing," or "assignment." *See* (Meneghello Decl. [88] Ex. B). This argument is not well taken in large part. I do find however that Mr. Crispin has billed 0.80 hours for the purely clerical tasks of calendaring and downloading, and I therefore deduct this amount from his requested number of hours. I also deduct 0.40 hours as the result of a duplicative time entered by Mr. Crispin for work completed on August 20, 2010, in line with counsel's concession.

6 – OPINION AND ORDER

I find defendant's remaining arguments for deductions unpersuasive. Accordingly, after making the deductions addressed above, I find that plaintiff's counsel reasonably expended 307.15 hours on this litigation.

### C.     Lodestar Calculation

Based on the foregoing, I award plaintiff's counsel $93,910.39 in attorney fees in connection with this case.[3] I have also considered the *Kerr* factors and determined that no adjustment is necessary.

## II.     Costs

Plaintiff requests $8,653.89 in costs, consisting of $350.00 for the filing fee, $226.46 for service and messenger costs, $4,472.32 for deposition costs, $165.85 for records, $3,162.00 for expert witnesses and litigation consultants, $24.10 for postage, and $147.00 for photocopies.

Defendant raises two disputes with plaintiff's cost bill. First, defendant argues that I should deduct the cost of plaintiff's expert witness fees for the same reasons that it argued I should deduct attorney hours related to time spent with the expert. I find this argument similarly unpersuasive in the costs context. Second, defendant indicates that plaintiff's cost bill, (Crispin Decl. [81] Ex. 7, 22–23), includes a charge for $1,614.45 that is associated with depositions taken in an unrelated matter. Plaintiff's counsel concedes that this amount should be stricken, and I therefore deduct $1,614.45 from plaintiff's cost bill. Defendant does not dispute the remainder of the costs that plaintiff seeks in this case.

---

[3]

|  | Hourly Rate | Hours | Hourly Rate * Hours |
|---|---|---|---|
| C. Crispin (Atty.) | $353.17 | 219.45 | $77,503.16 |
| S. Russell (Atty.) | $293.70 | 7.25 | $2,129.33 |
| P. Rissberger (Atty.) | $310.24 | 22.29 | $6,915.25 |
| S. Joiner (Atty.) | $180.00 | 3.97 | $714.60 |
| J. Burnett (Paralegal) | $125.00 | 50.00 | $6,250.00 |
| V. Beltran (Legal Ass't) | $95.00 | 4.19 | $398.05 |
| **Lodestar** |  |  | **$93,910.39** |

7 – OPINION AND ORDER

In reply to defendant's objections as to plaintiff's motion for costs, plaintiff's counsel claimed for the first time that they are entitled to an additional $2,000 in costs, on top of the previously requested $2,000, for fees related to the consultant that they used to prepare Brianne Davis and Bridget Davis for depositions. (Reply [90] 2). I have carefully reviewed the documentation in support of this request, (Supp. Crispin Decl. [91] Ex. C, 11–15), and conclude that plaintiff's counsel paid Dr. David Illig $4,000 in total for his services. Therefore, because defendant raised no objection to reimbursement of plaintiff's costs for this consultant originally, I award plaintiff an additional $2,000 related to this expense.

After making the additions and deductions as previously set fourth, I award plaintiff $9,039.44 in costs.

### III.    Supplemental Motion for Fee Related Attorney Fees

Plaintiff seeks $9,583.50 in attorney fees as a result of 23.10 hours of work preparing the fee motion and related briefing. In order to determine the "proper amount of the fees-on-fees award," I apply "the same percentage of merits fees ultimately recovered." *Schwarz v. Sec. of Health & Human Servs.*, 73 F3d 895, 909 (9th Cir. 1995). Plaintiff's counsel sought $112,019.50 in merits fees and received approximately 84% of this request based on my above ruling. Therefore, I find that plaintiff's counsel is entitled to $8,050.14 for fees incurred in preparation of the fee motion and related briefing in this case.

### CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs [79] is GRANTED. Plaintiff's Supplemental Motion for Attorney Fees [94] is GRANTED. Plaintiff shall recover $110,999.97 in costs and attorney fees, including $93,910.39 in attorney fees for the initial representation,

$8,050.14 for attorney fees incurred preparing the fee petition and related briefing, and $9,039.44 in costs.

      IT IS SO ORDERED.

      DATED this __23rd__ day of April, 2012.

                                         /s/ Michael W. Mosman
                                         MICHAEL W. MOSMAN
                                         United States District Judge